STATE OF NORTH CAROLINA v. WILLIE WALKER JOHNSON

No. COA09-966

(Filed 4 May 2010)

**1. Appeal and Error— appealability—effective assistance of counsel—dismissed without prejudice**

Defendant's claim of ineffective assistance of counsel was dismissed without prejudice to his right to file a motion for appropriate relief in superior court. The claim could not be evaluated on direct appeal because no evidentiary hearing was held on defendant's motion to suppress.

**2. Evidence— police report—corroboration—actual possession of drugs**

Although defendant contends the trial court erred in a felonious possession of cocaine case by admitting a portion of a com-

puter generated copy of a police report as a prior consistent statement for the purpose of corroborating the arresting officer's testimony, its effect would not have been prejudicial even if erroneously admitted given the uncontradicted evidence of actual possession of cocaine by defendant.

### 3. Drugs— possession of cocaine—motion to dismiss—motion to suppress not well grounded

The trial court did not err by denying defendant's motion to dismiss the charge of possession of cocaine. Defendant conceded that his motion was not well grounded if his motion to suppress was not granted, and no court overruled or reversed the denial of the motion to suppress.

Appeal by defendant from judgment entered 15 October 2008 by Judge Clifton E. Johnson in Mecklenburg County Superior Court. Heard in the Court of Appeals 26 January 2010.

*Attorney General Roy Cooper, by Assistant Attorney General, James M. Stanley, Jr., for the State.*

*William D. Auman for defendant appellant.*

HUNTER, JR., Robert N., Judge.

Willie Walker Johnson ("defendant") appeals as a matter of right from a verdict finding him guilty of felonious possession of cocaine and attaining the status offense of habitual felon. On appeal, defendant argues the following: (1) that he received ineffective assistance of counsel due to his trial counsel's failure to timely file a motion to suppress as provided in N.C. Gen. Stat. § 15A-975(b) (2009); (2) that the trial court committed prejudicial error by admitting a non-testimonial computer based criminal background check which was provided to the arresting officer by his assistant at the time of defendant's arrest; and (3) that the trial court erred in denying defendant's motion to dismiss the charge of possession of cocaine. After review, we dismiss the defendant's claim of ineffective assistance of counsel without prejudice and hold that defendant's trial and judgment was otherwise free of prejudicial error.

### I. FACTUAL BACKGROUND

The Mecklenburg County grand jury indicted defendant for attaining habitual felon status, possession of drug paraphernalia, and possession of crack cocaine. On 8 October 2008, following receipt of

the State's written notice to introduce "evidence obtained by virtue of a search without a warrant," defendant's trial counsel filed a written motion to suppress evidence. Subsequently, on 13 October 2008, the trial court denied defendant's motion to suppress, ruling that the motion was untimely.

At trial, the State's evidence tended to show the following: At approximately 9:30 a.m. on 9 August 2007, Officer Brian Smith of the Charlotte Police Department received a call from someone stating that a car was parked in the grass near a vacant house on Clyde Drive in an area used for overflow parking by a church. Officer Smith did not activate his blue lights when approaching the scene.

Upon his arrival, Officer Smith noticed that no other cars were parked in the area and he observed a man asleep in the driver's seat which had been adjusted to a reclining position. Officer Smith testified that he saw a metal crack pipe on the floorboard between defendant's legs through the open driver's side window of the car. At that point, Officer Smith woke defendant, asked him to step out of the vehicle, and placed him under arrest for possession of drug paraphernalia. Officer A.G. Davis, Officer Smith's back-up officer, searched police computer records for outstanding warrants against defendant. After the records search showed the existence of unserved warrants, defendant was arrested on these charges as well.

During Officer Smith's search of defendant incident to these arrests, a rock of crack cocaine was found in defendant's right front pants pocket. Officer Smith also found a plastic bag containing crack cocaine in an eyeglass case while searching the interior dashboard of the car.

Shortly thereafter, Officer Smith prepared a report of the arrest, including Officer Davis's outstanding warrant search, as a part of a computerized system for storing police reports called "KBCOPS." Although Officer Davis did not testify at the trial, the results of his search (after redaction of some material) were admitted into evidence for "corroboration" purposes. Upon admitting the KBCOPS report in evidence, the trial court gave a limiting instruction to the jury, providing that the report should solely be used for corroborative purposes.

At the close of the State's evidence, defendant moved to dismiss the charges against him. The trial court denied defendant's motion to dismiss. Defendant did not offer any evidence, and

renewed his motion to dismiss the charges; the trial court, again, denied the motion.

The jury found defendant guilty of possession of cocaine and was not able to reach a verdict on the charge of possession of drug paraphernalia; therefore, the trial court declared a mistrial on the latter issue. After the jury found defendant guilty of possession of cocaine, the State presented evidence that defendant had attained habitual felon status; the jury subsequently found defendant guilty of this offense. Defendant was sentenced within the presumptive range of the guidelines to 168 months' to 211 months' imprisonment.

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

[1] Defendant contends that he received ineffective assistance of counsel due to his trial attorney's failure to file a timely written motion to suppress pursuant to N.C. Gen. Stat. § 15A-975(b) (2009). Specifically, defendant contends that the only evidence which justified the officer's search of his person was the crack cocaine pipe that the officer located on the floorboard of defendant's car allegedly in plain view. In his motion to suppress, defendant's counsel's affidavit contended "on information and belief" that the pipe was not in plain view. However, the court dismissed defendant's motion and did not decide this factual issue which was the basis for defendant's arrest, the accompanying search of defendant and his car, and the subsequent production of evidence found in defendant's car and on his person. Defendant argues that the evidence would have been suppressed under the "fruit of the poisonous tree" doctrine, and he would not have been convicted if the motion to suppress had been filed timely.

To obtain relief for ineffective assistance of counsel, a defendant must demonstrate initially that his counsel's conduct fell below an objective standard of reasonableness. The defendant's burden of proof requires the following:

> "First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."

. . . " 'The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.' "

*State v. Quick*, 152 N.C. App. 220, 222, 566 S.E.2d 735, 737 (2002) (citations omitted).

Generally, claims of ineffective assistance of counsel should be considered through motions for appropriate relief and not on direct appeal. *State v. Stroud*, 147 N.C. App. 549, 553, 557 S.E.2d 544, 547 (2001). A motion for appropriate relief is preferable to direct appeal, "because in order to defend against ineffective assistance of counsel allegations, the State must rely on information provided by defendant to his trial counsel, as well as defendant's thoughts, concerns, and demeanor." *Id.* at 554, 557 S.E.2d at 547.

In the instant case, we cannot properly evaluate defendant's claim of ineffective assistance of counsel on direct appeal because no evidentiary hearing was held on defendant's motion to suppress. Based on paragraph 4 of defense counsel's motion to suppress, it appears there is a factual dispute between defendant and the arresting officer as to whether the small metal crack pipe was or was not in plain view. Moreover, the transcript of the trial and order contained therein denying the motion to suppress contain no resolution of this factual issue.

The State contends, based solely on the transcript, that the small metal crack pipe was in plain view. Moreover, we note that defendant did not take the stand at trial. It is clear that defense counsel and defendant desired to have the issue heard and ruled on by the trial court or else they would not have filed the motion to suppress claiming that the pipe was not located in plain view unless the door was opened by the arresting officer. Further, the fact that defense counsel did in fact file a motion to suppress undercuts the State's argument that counsel's failure to file the motion was based upon defense counsel's opinion that the motion had no merit. Regardless, we need not speculate on these issues including any reason for the defense counsel's failure to timely file a motion to suppress. Based upon this record, it is simply not possible for this Court to adjudge whether defendant was prejudiced by counsel's failure to file the motion to suppress within the allotted time. Therefore, we dismiss this appeal without prejudice to defendant's right to file a motion for appropriate

relief in superior court based upon an allegation of ineffective assistance of trial counsel. *See State v. Kinch,* 314 N.C. 99, 106, 331 S.E.2d 665, 669 (1985).

## III. CORROBORATION OF EVIDENCE

**[2]** During the trial, the trial judge, over objection, admitted, for corroborative purposes, a statement in a computer generated copy of the police report summarizing the actions the police officers took on the morning defendant was arrested. A summation of defendant's prior criminal records and outstanding warrants was included in the report. Some of this material was redacted by the trial court; however, a portion of the report was admitted as a prior consistent statement for the purpose of corroborating the arresting officer's testimony.

Defendant contends that the trial court erred in admitting the report based on his contention that the statements contained in the report were inadmissible hearsay, not recognized under the public records exception pursuant to N.C. Gen. Stat. § 8C-1, Rule 803(8) (2009). The State, however, contends based upon *State v. Harrison,* 328 N.C. 678, 403 S.E.2d 301 (1991), that the evidence is an out-of-court statement used to corroborate a witness's courtroom testimony, not for the purpose of proving the truth of the matter asserted.

We refrain from resolving this interesting evidentiary issue on appeal. In order for defendant to obtain relief from an erroneous admission of evidence, defendant must show prejudice. "A defendant is prejudiced by errors . . . when there is a reasonable possibility that, had the error in question not been committed, a different result would have been reached at the trial out of which the appeal arises." N.C. Gen. Stat. § 15A-1443(a) (2009). Given the uncontradicted evidence of actual possession of cocaine by defendant, even if the admission of the corroborative evidence had been erroneous, its effect would not be prejudicial because it is unlikely to have changed the outcome of the trial. Accordingly, this assignment of error is overruled.

## IV. MOTION TO DISMISS

**[3]** Finally, defendant argues that the trial court erred in denying his motion to dismiss the charge of possession of cocaine based on his contention that if his motion to suppress had been granted there would be insufficient evidence, or no evidence, that he ever possessed the cocaine.

STATE v. JOHNSON

[203 N.C. App. 718 (2010)]

The standard of review for a motion to dismiss is well known. A defendant's motion to dismiss should be denied if there is substantial evidence of: (1) each essential element of the offense charged, and (2) of defendant's being the perpetrator of the charged offense. *State v. Scott*, 356 N.C. 591, 595, 573 S.E.2d 866, 868 (2002). " 'Substantial evidence is relevant evidence that a reasonable mind might accept as adequate to support a conclusion.' " *State v. Turnage*, 362 N.C. 491, 493-94, 666 S.E.2d 753, 755 (2008) (citation omitted). The Court " 'must consider the evidence in the light most favorable to the State and the State is entitled to every reasonable inference to be drawn from that evidence.' " *State v. Crawford*, 344 N.C. 65, 73, 472 S.E.2d 920, 926 (1996) (quoting *State v. Saunders*, 317 N.C. 308, 312, 345 S.E.2d 212, 215 (1986)). Contradictions and discrepancies do not warrant dismissal of the case but are for the jury to resolve. *State v. Benson*, 331 N.C. 537, 544, 417 S.E.2d 756, 761 (1992).

In his brief, defendant concedes that his motion to dismiss is not well founded if his motion to suppress is not granted. Since defendant's motion to suppress has not yet been granted, it is clear that there is sufficient evidence of record to submit the case to the jury. Specifically, since no court has overruled or reversed the denial of the motion to suppress, there is clearly sufficient evidence in the record that defendant had crack cocaine in his pants pocket. "A person has actual possession of a substance if it is on his person, he is aware of its presence, and either by himself or together with others he has the power and intent to control its disposition or use." *State v. Reid*, 151 N.C. App. 420, 428-29, 566 S.E.2d 186, 192 (2002). Accordingly, we must deny defendant's assignment of error.

## V. CONCLUSION

Based on the foregoing, we dismiss defendant's ineffective assistance of counsel claim and find no prejudicial error.

No error.

Judges JACKSON and BEASLEY concur.