STATE OF NORTH CAROLINA v. KENDRA RUTH VAN PELT, Defendant

No. COA09-1361

(Filed 7 September 2010)

## 1. Stalking— motion to dismiss—evidence sufficient

The trial court did not err by denying defendant's motion to dismiss a misdemeanor stalking charge where (viewed in the light most favorable to the State) there was substantial evidence that defendant harassed the victim and that the victim was in reasonable fear for the safety of himself and his family.

STATE v. PELT

[206 N.C. App. 751 (2010)]

**2. Stalking— harassing telephone calls—calls to doctor's office**

The trial court properly denied defendant's motion to dismiss a charge of making harassing telephone calls to a doctor where the warrant listed only telephone calls to his office. It was not necessary for the State to show that defendant actually had a conversation with the doctor.

Appeal by defendant from judgment entered on or about 30 April 2009 by Judge R. Allan Baddour, Jr. in Durham County, Superior Court. Heard in the Court of Appeals 11 March 2010.

*Attorney General Roy A. Cooper, III, by Assistant Attorney General David W. Boone, for the State.*

*Mercedes O. Chut, for defendant-appellant.*

STROUD, Judge.

Defendant appealed from her convictions of misdemeanor stalking and harassing phone calls. Defendant argues that the trial court should have granted her motions to dismiss because the State presented insufficient evidence of the crimes charged. As we conclude there was sufficient evidence of the crimes charged, we find no error.

## I. Background

The State's evidence tended to show that in 2001, Dr. Phillip Shadduck had a medical appointment with defendant. After Dr. Shadduck's 2001 appointment with defendant, he had no contact with her until January of 2006 when "a plant was delivered to [Dr. Shadduck's] office with a sticky note that had [defendant's] name and phone number on it[.]" In February of 2006, defendant brought Dr. Shadduck a poem to his office and inquired about his children. In March of 2006, defendant began repeatedly paging Dr. Shadduck at work.

In April of 2006, defendant called Dr. Shadduck at home at night "just want[ing] to talk[.]" Dr. Shadduck informed defendant it was inappropriate for her to call him for personal reasons at home and the conversation ended. A few minutes after the conversation ended, defendant called Dr. Shadduck's home again. Dr. Shadduck's wife, Debra Shadduck, answered the phone, and defendant told her,

> Your husband doesn't love you. Do you think your husband would love you? He is having an affair with me. He has an apart-

ment in Raleigh. I'm not the only wom[a]n. There is another woman. Do you really think he loves? Do you think he loves you? Now tell me, do you think he loves you?

Dr. Shadduck then called an acquaintance who was a police officer because

> [i]t seemed to [him] that this had been going on for about nine weeks with a pattern of escalation. It was not getting better. The level of intrusion had gone up from just dropping off gifts, to unscheduled office visits, to calls at the offices, to pages after-hours at night, and then finally a phone call after-hours at home at night.

Dr. Shadduck became concerned for the safety of his children so he and his wife spoke with teachers and counselors at the school and had the school remove his children from the school website. Dr. Shadduck also took out a restraining order on defendant. In the fall or summer of 2006, Dr. Shadduck was informed by the medical board that defendant had filed a complaint against him.

On 28-30 April 2009, a jury trial was held. The jury found defendant guilty of misdemeanor stalking and harassing phone calls. Defendant received a suspended sentence for 30 months of supervised probation. Defendant appeals.

## II. Motion to Dismiss

Defendant argues the trial court erred in failing to dismiss the charges of misdemeanor stalking and harassing phone calls due to the insufficiency of the evidence.

### A. Standard of Review

> The standard of review for a motion to dismiss is well known. A defendant's motion to dismiss should be denied if there is substantial evidence of: (1) each essential element of the offense charged, and (2) of defendant's being the perpetrator of the charged offense. Substantial evidence is relevant evidence that a reasonable mind might accept as adequate to support a conclusion. The Court must consider the evidence in the light most favorable to the State and the State is entitled to every reasonable inference to be drawn from that evidence.

*State v. Johnson,* —— N.C. App. ——, ——, 693 S.E.2d 145, 148 (2010) (citations and quotation marks omitted).

## B. Misdemeanor Stalking

[1] At the time of defendant's offenses N.C. Gen. Stat. § 14- 277.3[1] read,

> (a) Offense.—A person commits the offense of stalking if the person willfully on more than one occasion follows or is in the presence of, or otherwise harasses, another person without legal purpose and with the intent to do any of the following:

> > (1) *Place that person in reasonable fear either for the person's safety or the safety of the person's immediate family or close personal associates.*

> > (2) Cause that person to suffer substantial emotional distress by placing that person in fear of death, bodily injury, or continued harassment, and that in fact causes that person substantial emotional distress.

. . . .

> (c) Definition.—For the purposes of this section, the term "harasses" or "harassment" means knowing conduct, including written or printed communication or transmission, telephone or cellular or other wireless telephonic communication, facsimile transmission, pager messages or transmissions, answering machine or voice mail messages or transmissions, and electronic mail messages or other computerized or electronic transmissions, directed at a specific person that torments, terrorizes, or terrifies that person and that serves no legitimate purpose.

N.C. Gen. Stat. § 14-277.3(a), (c) (2005) (emphasis added).

Defendant argues that the State's evidence shows communications to persons other than Dr. Shadduck on all but one occasion, but that only Dr. Shadduck was "alleged as a victim[.]" However, all of the communications were directed to Dr. Shadduck. In addition, the communications both to Dr. Shadduck and directed to Dr. Shadduck through his office personnel and his wife caused Dr. Shadduck to be "in reasonable fear . . . for [his own] safety [and] the safety of [his] . . . immediate family[.]" N.C. Gen. Stat. § 14-277.3(a).

Here, viewing the evidence in the light most favorable to the State, *Johnson* at ——, 693 S.E.2d at 148, the evidence showed that

---

1. N.C. Gen. Stat. § 14-277.3 has since been repealed. *See* N.C. Gen. Stat. § 14-277.3 (2009).

defendant harassed Dr. Shadduck by written communications, pager, and phone and that these communications served "no legitimate purpose." N.C. Gen. Stat. § 14-277.3(c). The communications were directed to a specific person, Dr. Shadduck; even the communications which were made to Dr. Shadduck's office staff were directed to Dr. Shadduck, as defendant asked that her messages be conveyed to Dr. Shadduck and she was seeking to see him. The evidence also showed that the harassment did in fact terrorize Dr. Shadduck as it placed him in a "high degree of fear, a state of intense fright or apprehension." *State v. Surrett*, 109 N.C. App. 344, 349, 427 S.E.2d 124, 127 (1993) ('Terrorize' is defined as more than just putting another in fear. It means putting that person in some high degree of fear, a state of intense fright or apprehension. (citation and quotation marks omitted)). Dr. Shadduck's fear is evidenced by his own testimony, his actions in having his staff make sure the office doors were locked and ensuring the outside lights were working along with encouraging them to walk in "twos" to their cars, his wife's testimony of his demeanor during and after his phone call with defendant, his late night phone call to a police officer on the best course of action to take, his action in taking out a restraining order, and his visit to his children's school to speak with their teachers and counselors and to have them removed from the school's website. The State's evidence tended to show that Dr. Shadduck's fears regarding his own safety as well as that of his family were reasonable given defendant's odd behavior which exhibited "a pattern of escalation." Viewed in the light most favorable to the State, *Johnson* at ——, 693 S.E.2d at 148, the State presented substantial evidence that defendant harassed Dr. Shadduck and that he was in reasonable fear for the safety of himself and his family. We conclude the trial court did not err in denying defendant's motion to dismiss. This argument is overruled.

C. Harassing Phone Call

[2] N.C. Gen. Stat. § 14-196(a)(3) provides that "[i]t shall be unlawful for any person . . . [t]o telephone another repeatedly, whether or not conversation ensues, for the purpose of abusing, annoying, threatening, terrifying, harassing or embarrassing any person at the called number[.]" N.C. Gen. Stat. § 14-196(a)(3) (2005). Defendant argues that the warrant for her arrest for harassing phone calls notes only her telephone calls to Regional Surgical Associates and not any other calls, particularly the calls to Dr. Shadduck's home. However, even considering only the phone calls made to Regional Surgical Associates, we conclude that the evidence shows that defendant

called Dr. Shadduck at Regional Surgical Associates "for the purpose of annoying and harassing" Dr. Shadduck as the warrant provides. It was not necessary for the State to show that defendant actually had a conversation with Dr. Shadduck when she called his office repeatedly, as N.C. Gen. Stat. § 14-196(a)(3) requires only evidence that defendant made telephone calls to Dr. Shadduck's office "repeatedly, whether or not conversation ensues, for the purpose of abusing, annoying, threatening, terrifying, harassing or embarrassing any person at the called number[.]" *Id.* The evidence viewed in the light most favorable to the State, *see Johnson* at —— 693 S.E.2d at 148, demonstrated that defendant repeatedly called Dr. Shadduck's office for the purpose of annoying and harassing him. Accordingly, the trial court properly denied defendant's motion to dismiss. This argument is overruled.

III. Conclusion

For the foregoing reasons, we find no error.

NO ERROR.

Judges ELMORE and JACKSON.