DIETZ, Judge.
Defendant Myer Dempster Otto Jr. appeals his convictions on multiple charges all stemming from an altercation in a parking lot that led law enforcement to find a handgun in the glove box of his car. On appeal, Otto argues that he received ineffective assistance of counsel because his trial counsel failed to timely move to suppress evidence that was obtained in violation of his constitutional rights, or to object to that evidence when it was introduced at trial.
As explained below, the trial court summarily rejected Otto's motion to suppress without an evidentiary hearing and did not address the issue at trial. As a result, this Court does not have a sufficient record to assess the merits of Otto's ineffective assistance of counsel claim. We therefore dismiss this claim without prejudice to pursue it in a motion for appropriate relief.
Facts and Procedural History
On 11 May 2015, Officer M.J. LaValley of the Winston-Salem Police Department responded to a report that an individual was communicating threats at a gas station parking lot. Upon arriving at the gas station, Officer LaValley observed Defendant Myer Otto Jr. in a verbal confrontation with the woman who made the report, Ms. Rucker. To deescalate the situation, Officer LaValley separated Otto and Rucker, telling Otto to sit by the front of his patrol car and Rucker to stand by her vehicle. Rucker told Officer LaValley that Otto had threatened to "get something out of the glove box," which she believed was a gun, but that Otto did not show her a gun or specifically claim that he had a gun. After interviewing both parties, Officer LaValley determined that the confrontation occurred after Rucker's vehicle almost collided with Otto's vehicle on the road in front of the gas station. Otto said that he went to his car to get his insurance card from the glove box and that he never said anything about a gun.
Officer LaValley asked Otto if he had a gun in his glove box and Otto said, "No." LaValley asked Otto if he could search the glove box, but Otto did not respond and asked LaValley why he wanted to search it. LaValley explained that there was a report of a firearm. Otto became "agitated" and "physically aggressive." Due to his behavior, LaValley placed Otto in handcuffs and put him in the back of the patrol car with the door open, but told him that he was not under arrest. Officer LaValley did not read Otto his Miranda rights. Once Otto was handcuffed in the patrol car, LaValley again asked Otto if there was a gun in his car and Otto admitted that there was one in his glove box. LaValley opened Otto's glove box and found a handgun. When LaValley examined the serial number on the gun, he discovered that some of the numbers had been altered beyond recognition. LaValley arrested Otto for possession of a gun with an altered serial number.
On 28 November 2015, the State indicted Otto for displaying a fictitious registration plate, driving while license revoked, possessing a firearm with an altered serial number, and possessing a concealed gun. On 7 December 2016, the State filed notice of intent to use evidence obtained without a search warrant, triggering a 10-day time period for Otto to move to suppress that evidence. Otto did not file a motion to suppress within that time but on 7 June 2017-six months after the State's notice of intent-moved to suppress the evidence. On 1 November 2017, the trial court summarily denied Otto's motion to suppress as untimely.
On 2 November 2017, the jury convicted Otto of driving while license revoked, possessing a firearm with an altered serial number, and carrying a concealed gun. The trial court sentenced Otto to 8-19 months in prison for carrying a concealed gun, suspended to 24 months of probation after an active term of 50 days in jail, and a $500 fine. The trial court consolidated the remaining charges and imposed a consecutive sentence of 8-19 months, suspended to probation, and a $500 fine. Otto filed a pro se written notice of appeal on 6 November 2017.
Analysis
I. Petition for a writ of certiorari
Otto has filed a petition for a writ of certiorari because his pro se written notice of appeal failed to indicate service on the State or designate the court to which appeal was taken, both of which are required by our Rules of Appellate Procedure. We dismiss the petition as moot because the defective notice of appeal does not deprive this Court of appellate jurisdiction.
Unlike the failure to timely file a notice of appeal, which is a jurisdictional defect compelling dismissal, this Court has held that failure to timely serve a notice of appeal is not a jurisdictional defect. Lee v. Winget Rd., LLC , 204 N.C. App. 96, 100, 693 S.E.2d 684, 688 (2010). Likewise, the failure to properly designate the Court to which the appeal is taken is not a jurisdictional defect. State v. Sitosky , 238 N.C. App. 558, 560, 767 S.E.2d 623, 624 (2014). Instead, for both of these deficiencies, the defect "should not result in loss of the appeal as long as the intent to appeal ... can be fairly inferred from the notice and the appellee is not misled by the mistake." State v. Springle , 244 N.C. App. 760, 763, 781 S.E.2d 518, 521 (2016). Here, the State does not assert that it was misled by the notice of appeal or prejudiced by the failure to be properly served with the notice when it was filed. Accordingly, we hold that these defects do not deprive the Court of appellate jurisdiction and we therefore dismiss Otto's petition for a writ of certiorari as moot.
II. Ineffective assistance of counsel claim
Otto argues that he received ineffective assistance of counsel because his trial counsel failed to timely move to suppress evidence resulting from an unlawful custodial interrogation and failed to object to the introduction of that evidence at trial. As explained below, we dismiss this claim without prejudice because it is not suited for review on direct appeal.
"To prevail on a claim of ineffective assistance of counsel, a defendant must first show that his counsel's performance was deficient and then that counsel's deficient performance prejudiced his defense." State v. Allen , 360 N.C. 297, 316, 626 S.E.2d 271, 286 (2006). "Generally, to establish prejudice, a defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id.
"It is well established that ineffective assistance of counsel claims brought on direct review will be decided on the merits when the cold record reveals that no further investigation is required." State v. Thompson , 359 N.C. 77, 122-23, 604 S.E.2d 850, 881 (2004). When the issue cannot be decided on the existing appellate record, "we dismiss those claims without prejudice, allowing defendant to bring them pursuant to a subsequent motion for appropriate relief in the trial court." Id. at 123, 604 S.E.2d at 881.
Applying these settled principles, this Court repeatedly has held that when the trial court denies a defendant's motion to suppress as untimely, "we cannot properly evaluate defendant's claim of ineffective assistance of counsel on direct appeal because no evidentiary hearing was held on defendant's motion to suppress." State v. Johnson , 203 N.C. App. 718, 722, 693 S.E.2d 145, 147 (2010). Likewise, here, we cannot determine whether counsel's conduct-even assuming it was deficient-prejudiced Otto because the trial court did not conduct an evidentiary hearing on the motion to suppress, and the court had no occasion, during trial, to make findings concerning the admission of the challenged evidence. As we explained in Johnson , "[b]ased upon this record, it is simply not possible for this Court to adjudge whether defendant was prejudiced by counsel's failure to file the motion to suppress within the allotted time." Id. The same is true for the failure to object to this evidence at trial. We therefore dismiss Otto's ineffective assistance of counsel claim without prejudice to pursue it through a motion for appropriate relief.
Conclusion
We dismiss Otto's ineffective assistance of counsel claim without prejudice to pursue it through a motion for appropriate relief.
DISMISSED.
Report per Rule 30(e).
Judges STROUD and MURPHY concur.