STATE OF NORTH CAROLINA v. ARDELL R. JORDAN

No. 821SC235

(Filed 16 November 1982)

**Arson § 4.1; Property § 4.2— felonious burning of personal property — sufficiency of evidence — failure to submit misdemeanor of willful injury to property**

Evidence that defendant set two fires in his jail cell of strips torn from the mattress was sufficient for the jury to find a specific intent to injure or prejudice the owner of the property and to support his conviction of felonious burning of personal property in violation of G.S. 14-66. Furthermore, the evidence did not require the submission of the misdemeanor offense of willful and wanton injury to personal property in violation of G.S. 14-160.

APPEAL by defendant from *Small, Judge.* Judgments entered 3 December 1981 in Superior Court, GATES County. Heard in the Court of Appeals 23 September 1982.

Defendant was charged on 7 July 1981 with felonious burning of personal property and misdemeanor assault on a custodial officer. The State's evidence tends to show that defendant was confined in a segregation unit, an isolated two-person cell, in the Gates County Prison. At about 3:30 p.m., on 3 July 1981, Sergeant Askew, a custodial officer at the prison, saw smoke coming from the segregation unit. Defendant was the only inmate in the cell. Sergeant Askew testified that when he saw the smoke, he yelled for Officer Rawls to come with the keys. Officer Williams heard him and came out of the office and asked if they needed help. Sergeant Askew told him to come along. When the three men opened the door to the segregation cell, they found the unit was completely filled with smoke. The smoke cleared out in a few seconds. They saw that pieces of the mattress were burning in two fires, one in the commode and one on top of the commode.

Sergeant Askew knocked the fire which was on top of the commode into the commode and flushed both fires. Then he asked defendant to take his clothes off for a strip search. Defendant refused, used offensive language, and hit Sergeant Askew in the face.

Officer Williams testified that after defendant hit Askew, he grabbed defendant by the throat and tried to subdue him.

Defendant testified that he had been in solitary confinement for about two weeks. There was a mosquito problem in the cell, and he set the fire to kill the mosquitoes. He said that he burned his aluminum foil plate, not the mattress. According to defendant, Sergeant Askew called him a liar and slapped him. Then Officer Williams called him a "smart nigger" and said "Oh, let me choke him." Officer Rawls was eating peanuts, drinking a soda and laughing. Defendant bent Officer Williams fingers when Officer Williams choked him. Then Officer Williams and Sergeant Askew collided. Defendant said that they were drunk and smelled of alcohol.

Defendant was tried on the misdemeanor assault charge in District Court, and was found guilty. He appealed, and the case was transferred to Superior Court for a trial de novo. He entered a plea of not guilty to both charges and was found guilty of felonious burning of personal property and misdemeanor assault on an officer. He was sentenced to three years for the felony and two years for the misdemeanor.

*Attorney General Edmisten, by Assistant Attorney General Lemuel W. Hinton, and Associate Attorney Floyd M. Lewis, for the State.*

*Taylor and McLean, by Mitchell S. McLean, for defendant appellant.*

VAUGHN, Judge.

Defendant's first argument is that the trial court erred in not allowing his motion to dismiss and motion for appropriate relief because of the insufficiency of the evidence.

Upon motion for nonsuit, all the evidence must be considered in the light most favorable to the State, and the State is entitled

to every inference of fact which may be reasonably deduced therefrom. *State v. Lynch,* 301 N.C. 479, 272 S.E. 2d 349 (1980). If more than a scintilla of evidence is presented to support the indictment, the judge must submit the case to the jury. *State v. Agnew,* 294 N.C. 382, 241 S.E. 2d 684, *cert. denied,* 439 U.S. 830, 99 S.Ct. 107, 58 L.Ed. 2d 124 (1978).

The evidence showed that defendant was the only person in his cell; he set two fires, one on top of the commode and one in the commode; torn strips of the mattress were burning; and the wall was charred. Clearly, this is sufficient evidence of felonious burning of personal property to withstand defendant's motion to dismiss.

Defendant contends that the State failed to show an essential element of felonious burning of personal property: the specific intent to injure or prejudice the owner. The felonious burning statute is G.S. 14-66: "If any person shall wantonly and willfully set fire to or burn . . . any . . . chattels or personal property of any kind . . . with intent to injure or prejudice . . . the person owning the property, or any other person . . . he shall be punished as a Class H felon." The specific intent to injure or prejudice the owner of the property may be proven by circumstances from which it may be inferred, such as the nature of the act and the manner in which it was done. *State v. Wesson,* 45 N.C. App. 510, 263 S.E. 2d 298 (1980). In this case, the specific intent could be inferred by the evidence that defendant tore strips of the mattress and set two fires in his cell. There was sufficient evidence to allow the jury to make that determination.

Defendant's second argument is that the trial court erred in not allowing defendant's motion to submit the misdemeanor offense of willful and wanton injury to personal property to the jury. In general, a defendant is entitled to have all lesser degrees of offenses submitted to the jury, but the trial court need not submit the lesser degrees when the State's evidence is positive to each element of the crime, and there is no conflicting evidence relating to any elements of the crime. *State v. Drumgold,* 297 N.C. 267, 254 S.E. 2d 531 (1979).

The misdemeanor offense of willful and wanton injury to personal property is G.S. 14-160: "(a) If any person shall wantonly and

willfully injure the personal property of another he shall be guilty of a misdemeanor. . . ."

Defendant contends that since there is conflicting evidence as to an element of felonious burning, namely whether there was intent to injure the property owner, the misdemeanor offense should have been submitted to the jury. There is, however, no conflicting evidence. The evidence of the torn mattress strips and two fires in the cell is uncontradicted and infers the specific intent.

We have carefully reviewed defendant's assignments of error and find no error.

No error.

Judges WEBB and WELLS concur.