DILLON, Judge.
 

 *457
 
 Nicholas Stanrick Jefferies ("Defendant") appeals from a judgment entered upon jury verdicts finding him guilty of burning personal property and attaining the status of an habitual felon. We find no error in part, reverse in part, vacate the judgment, and remand the case for further proceedings consistent with this opinion.
 

 I. Background
 

 The evidence at trial tended to show the following: On 5 April 2011, Defendant attended
 
 *875
 
 a cookout with the victim and two of her children. After consuming a considerable amount of alcohol, Defendant disciplined the victim's son in a manner the victim considered inappropriate. She confronted him about it, whereupon a heated argument broke out between them. As the victim took her children to leave the cookout, Defendant beat on the windows of the vehicle she was driving and yelled threats at her. The victim and her children spent the evening at her sister's home.
 

 Later that evening, police responded to a call reporting a break-in at the victim's home. Upon arriving, the officers approached the house and knocked on the front door. Eventually, Defendant emerged from the house and shut the door behind himself.
 

 As soon as Defendant exited the house, an officer noticed a strong smell of smoke coming from inside. The officer immediately dispatched the fire department. The officer then investigated to determine the origin of the smoke and whether there were other occupants. He found thick black smoke emanating from a back room, but no other occupants.
 

 Firefighters arrived, discovering and extinguishing a fire in the rear bedroom. The fire had consumed the top of the bed and some other items of personal property.
 

 Defendant was indicted for burning personal property and for attaining the status of an habitual felon. The matter came on for trial and the jury found Defendant guilty of both charges. The trial judge entered a judgment, sentencing Defendant to prison for 96 to 125 months. Defendant entered notice of appeal in open court.
 

 II. Analysis
 

 Defendant makes five arguments on appeal, which we address in turn.
 

 *458
 
 A. Fire Marshal Testimony
 

 Defendant first argues that the trial court committed plain error in allowing the State's expert in fire investigation, Fire Marshal Raymond Beck, to testify that the fire had been intentionally set. Specifically, Defendant contends that Fire Marshal Beck's expert opinion was inadmissible because he merely deduced that the fire had been intentionally set rather than reaching this conclusion based on his expertise in the field of fire investigation. We disagree.
 

 "Unpreserved error ... is reviewed only for plain error."
 
 State v. Lawrence,
 

 365 N.C. 506
 
 , 512,
 
 723 S.E.2d 326
 
 , 330 (2012). "For error to constitute plain error, a defendant must demonstrate that a fundamental error occurred ... [that] had a
 
 probable
 
 impact on the jury's finding [.]"
 
 Id.
 
 at 518,
 
 723 S.E.2d at 334
 
 (internal marks and citation omitted) (emphasis added).
 

 In the present case, after being accepted as an expert in the field of fire investigation, Fire Marshal Beck testified that he had concluded that the fire was caused by "the application of an open flame to ... combustible material," and that the fire had been "ruled as incendiary." When asked to clarify what he meant by "incendiary," Fire Marshal Beck explained that he meant that the fire was not accidental in nature but rather had been intentionally set.
 

 Generally, the admission of expert opinion testimony is only allowed where "the opinion expressed is ... based on the special expertise of the expert[.]"
 
 State v. Wilkerson,
 

 295 N.C. 559
 
 , 569,
 
 247 S.E.2d 905
 
 , 911 (1978). However, our Supreme Court has held that, with a proper foundation laid as to his expertise, a fire marshal may offer his expert opinion as to whether a fire was intentionally set.
 
 State v. Hales,
 

 344 N.C. 419
 
 , 424-25,
 
 474 S.E.2d 328
 
 , 330-31 (1996). Therefore, we hold that the trial court in the present case did not err, much less plainly err, in allowing this testimony. Accordingly, this argument is overruled.
 

 B. Jury Instructions
 

 Defendant next argues that the trial court erred in failing to instruct the jury regarding his presence at the scene of the crime. Specifically, Defendant contends that
 
 *876
 
 his presence was a material feature of the crime with which he was charged; that there was evidence that he was present at the scene of the crime; and that the trial court was required to instruct the jury regarding his presence at the scene of the crime. Notwithstanding Defendant's casting of this issue as an instructional error, we do not agree that the trial court erred in this regard.
 
 *459
 
 "The prime purpose of a court's charge to the jury is the clarification of issues, the elimination of extraneous matters, and a declaration and an application of the law arising on the evidence."
 
 State v. Cameron,
 

 284 N.C. 165
 
 , 171,
 
 200 S.E.2d 186
 
 , 191 (1973). Where there is evidence of a lesser-included offense of a crime with which a defendant stands accused, the trial court must instruct the jury on the lesser-included offense.
 
 See, e.g.,
 

 State v. Leazer,
 

 353 N.C. 234
 
 , 237,
 
 539 S.E.2d 922
 
 , 924 (2000). However, where no such lesser-included offense exists, neither does the requirement that the jury be given a corresponding instruction.
 

 Id.
 

 Furthermore, the mere denial of guilt by a defendant does not, by itself, controvert any material fact required for proof of that defendant's guilt, nor does it require the trial court to instruct the jury on any lesser-included offense.
 
 See, e.g.,
 

 State v. Smith,
 

 351 N.C. 251
 
 , 267-68,
 
 524 S.E.2d 28
 
 , 40 (2000).
 

 The crime of burning personal property is codified at N.C. Gen.Stat. § 14-66, which defines the offense in relevant part as follows:
 

 If any person shall wantonly and willfully set fire to or burn, or cause to be burned, or aid, counsel or procure the burning of ... personal property of any kind, ... with intent to injure or prejudice ... any [ ] person, ... he shall be punished as a Class H felon.
 

 N.C. Gen.Stat. § 14-66 (2011). Thus, the elements of burning personal property are (1) an intentional burning (2) of personal property of another (3) with the intent thereby to injure or to prejudice another's rights with respect to that property.
 
 See id.;
 

 State v. Jordan,
 

 59 N.C.App. 527
 
 , 529,
 
 296 S.E.2d 823
 
 , 825 (1982).
 

 In the present case, the evidence of Defendant's presence at the scene of the crime was not required to prove a fact necessary to establish any element of the crime of burning personal property, nor was it evidence of any lesser-included offense thereof. Indeed, proof of the commission of this offense is possible where the defendant is
 
 never
 
 present at the scene of the intentional burning, but instead "cause[s]" "aid[s]," "counsel[s]," or "procure[s]" the burning from afar.
 
 See
 
 N.C. Gen.Stat. § 14-66 (2011). Furthermore, rather than present any evidence of a lesser-included offense of burning personal property at trial, which, if believed by the jury, "would permit [ ] [it] rationally to find him guilty of [a] lesser offense and acquit him of the greater,"
 
 see
 

 Leazer,
 

 353 N.C. at 237
 
 ,
 
 539 S.E.2d at 924
 
 , Defendant simply denied all wrongdoing. Therefore, we hold that the trial court did not err in failing to instruct the jury regarding Defendant's presence at the scene of the crime.
 

 *460
 
 We rejected a similar argument in
 
 State v. Chapman,
 

 154 N.C.App. 441
 
 ,
 
 572 S.E.2d 243
 
 (2002). In
 
 Chapman,
 
 we held that where there was no evidence of aiding and abetting or acting in concert-modes of criminal liability where the defendant's presence at the scene of the crime
 
 does
 
 bear on the defendant's participation in the commission of the offense-the trial court did not err in refusing to instruct the jury on mere presence, even though such an instruction was requested.
 
 Id.
 
 at 446,
 
 572 S.E.2d at 247
 
 . In that case, there was no
 
 material
 
 evidence-i.e., evidence probative of any fact necessary to prove an element of a crime with which the defendant was charged, or any lesser-included offense thereof-to support the requested instruction.
 

 Id.
 

 Therefore, as in
 
 Chapman,
 
 it would not have been error for the trial judge to refuse to give the instruction, had it been requested, because there was no
 
 material
 
 evidence to support it.
 
 See
 

 id.
 

 Furthermore, even assuming,
 
 arguendo,
 
 it would have been error, it would not have been plain
 
 *877
 
 error, as it is not
 
 probable
 
 that the jury's ultimate finding of guilt would have differed if the trial court had given an unrequested instruction unsupported by the evidence.
 
 See
 

 Lawrence,
 

 365 N.C. at 518
 
 ,
 
 723 S.E.2d at 334
 
 . Accordingly, this argument is overruled.
 

 C. State's Closing Argument
 

 Defendant next argues that the trial court erred in failing to intervene and strike certain portions of the State's closing argument. Specifically, Defendant contends that the court erred in failing to strike comments by the prosecutor relating to the credibility of certain witness testimony. Although some of these statements may have been objectionable, we do not believe they so contaminated the proceedings as to require a new trial.
 

 Generally, "[t]he control of the argument of the district attorney and counsel must be left largely to the discretion of the trial judge and his rulings thereon will not be disturbed in the absence of gross abuse of discretion."
 
 State v. Hunter,
 

 297 N.C. 272
 
 , 278,
 
 254 S.E.2d 521
 
 , 524 (1979). N.C. Gen.Stat. § 15A-1230(a) states that a prosecutor may not express his "
 
 personal
 
 belief as to the truth or falsity of the evidence [.]" N.C. Gen.Stat. § 15A-1230(a) (2014). He may, however, comment on the
 
 strength
 
 of the evidence.
 
 State v. Best,
 

 342 N.C. 502
 
 , 518,
 
 467 S.E.2d 45
 
 , 55 (1996). Furthermore, the prosecutor may-and indeed, should-argue, on the basis of such evidence, whether certain witness testimony should be believed.
 
 See, e.g.,
 

 State v. Miller,
 

 271 N.C. 646
 
 , 659,
 
 157 S.E.2d 335
 
 , 345 (1967) ( "It is improper for a lawyer in his argument to assert his opinion that a witness is lying. He can argue to the jury that [it] should not believe a witness, but he should not call him a liar.").
 

 *461
 
 We review a trial court's failure to intervene on its own motion and strike unobjected-to remarks made in closing argument for gross impropriety, "view[ing] the remarks in context and in light of the overall factual circumstances to which they refer."
 
 State v. Hembree,
 

 368 N.C. 2
 
 , ----,
 
 770 S.E.2d 77
 
 , 88 (2015) (internal marks omitted). Our Supreme Court has held that "[t]o merit a new trial, the prosecutor's remarks must have perverted or contaminated the trial such that they rendered the proceedings fundamentally unfair."
 
 State v. Phillips,
 

 365 N.C. 103
 
 , 136,
 
 711 S.E.2d 122
 
 , 146 (2011) (internal marks omitted).
 

 In
 
 Phillips,
 
 our Supreme Court identified two categories of objectionable prosecutorial comment under N.C. Gen.Stat. § 15A-1230(a).
 

 Id.
 

 at 138-39
 
 ,
 
 711 S.E.2d at 147-48
 
 . First, the court observed that a "prosecutor's flat statement that [a witness's] testimony was 'wholly unbelievable' was [ ] improper."
 

 Id.
 

 at 139
 
 ,
 
 711 S.E.2d at 148
 
 . The court also identified a second category of prosecutorial comment of more dubious propriety, reasoning that a prosecutor's remark to the effect that he "would
 
 say
 
 [the witness] was not very credible" was susceptible of interpretation as either a contention to the jury or an inappropriate statement of personal belief, and being susceptible of both interpretations, "skirt[ed] the strictures of the statute."
 

 Id.
 

 (emphasis added). Nevertheless, despite one wholly improper remark and another of dubious propriety, the court concluded that, based on the evidence in that case, the objectionable remarks did not "pervert or contaminate the trial to such an extent as to render the proceedings fundamentally unfair."
 

 Id.
 

 In the present case, the prosecutor made the following remarks during closing argument:
 

 Folks, we gave you everything that you need. You have a motive with this argument with [the victim]. And while I bring up [the victim], my goodness,
 
 credibility, credibility, credibility.
 
 That testimony was
 
 extraordinarily credible
 
 .... You saw [the defendant] trying to control her even in a court of law, a court of law, trying to control her from over there, pointing at her, telling her to quit talking.
 
 [1]
 
 ... She
 
 *878
 
 did phenomenal.
 
 I will contend to you she was extraordinarily credible.
 

 (Emphasis added.) Thus, while the prosecutor's
 
 contention
 
 regarding the victim's testimony was within the bounds of appropriate argument
 
 *462
 
 under N.C. Gen.Stat. § 15A-1230(a), the prosecutor's 'flat statement' that the victim's "testimony was extraordinarily credible," like the other references to her credibility, was either the entirely improper expression of opinion identified by our Supreme Court in
 
 Phillips,
 
 or at least, was susceptible of interpretation as such.
 

 However, even assuming,
 
 arguendo,
 
 that all these remarks were objectionable, we do not believe their presence in the prosecutor's closing argument undermined the integrity of the entire trial.
 
 See
 

 Phillips,
 

 365 N.C. at 139
 
 ,
 
 711 S.E.2d at 148
 
 . That is, based on the evidence before the jury, we hold that these remarks did not rise to the level of gross impropriety. Accordingly, this argument is overruled.
 

 D. Fatal Variance
 

 Defendant next argues that the trial court committed plain error in instructing the jury on the offense of burning personal property where the instructions varied materially from the indictment.
 
 [2]
 
 Specifically, Defendant contends that the court plainly erred in instructing the jury to find him guilty if it found that he had "intentionally set fire to the bedding of [the victim]" where the indictment charged him with setting fire to the victim's "bed, jewelry and personal clothing." We disagree.
 

 Generally speaking, "[a] variance between the criminal offense charged and the offense established by the evidence is ... a failure of the State to establish the offense charged."
 
 State v. Glenn,
 

 221 N.C.App. 143
 
 , 147,
 
 726 S.E.2d 185
 
 , 188 (2012). The purpose of prohibiting a variance "is to enable the defendant to prepare a defense against the crime with which the defendant is charged and to protect the defendant from another prosecution for the same incident."
 
 State v. Taylor,
 

 203 N.C.App. 448
 
 , 455-56,
 
 691 S.E.2d 755
 
 , 762 (2010). However, "[a]llegations beyond the essential elements of the crime sought to be charged are irrelevant and may be treated as surplusage."
 
 State v. Taylor,
 

 280 N.C. 273
 
 , 276,
 
 185 S.E.2d 677
 
 , 680 (1972).
 

 In the present case, one of the items of personal property was identified both in the indictment and in the jury instructions-namely, the bed.
 

 *463
 
 The other two items identified in the indictment-to wit, the victim's jewelry and personal clothing-were omitted from the jury instructions. However, the jewelry and personal clothing identified in the indictment were mere surplusage. No proof of an intentional burning of either item was necessary to establish Defendant's guilt, as there was evidence of the requisite intentional burning of the bed.
 

 Defendant makes a great deal, however, of the difference between "the bed" identified in the indictment and "the
 
 bedding
 
 " to which the trial court referred in its instructions to the jury, arguing that this difference amounts to a fatal variance between the indictment and the evidence presented at trial. Specifically, Defendant contends that while a "bed" is a piece of furniture on which one sleeps, "bedding" is the material
 
 in
 
 which one sleeps.
 

 We hold that this 'variance' is not fatal.
 
 See, e.g.,
 

 State v. Lilly,
 

 195 N.C.App. 697
 
 , 700,
 
 673 S.E.2d 718
 
 , 720 (2009) ("In order for a variance between the indictment and the evidence presented at trial to warrant reversal
 
 *879
 
 of a conviction, that variance must be material."). That is, assuming,
 
 arguendo,
 
 that there is a variance between the words "bedding" and "bed," this variance is not
 
 material
 
 because there is no evidence in the record to suggest that what Defendant refers to as the "bedding" was located anywhere other than the bed. For example, there is no evidence in the record that Defendant set fire to bedding
 
 in the closet
 
 of a different room
 
 where there was no bed.
 
 Rather, the evidence presented at trial was of an intentional burning of material composing the bedding lying on top of a bed or the top of that bed itself, including such material. Therefore, we hold that any variance between the indictment and the evidence presented at trial was not material. That is, we are unable to discern how Defendant was unfairly surprised, misled, or otherwise prejudiced in the preparation of his defense by the indictment's failure to identify the "
 
 bedding
 
 " rather than the "bed."
 
 See
 

 State v. Spivey,
 
 --- N.C.App. ----, ----,
 
 769 S.E.2d 841
 
 , 844 (2015) ("whether the variance is material depends upon whether the defendant was surprised, misled, or otherwise prejudiced
 
 because of
 
 the variance") (emphasis in original). Likewise, this discrepancy does not imperil Defendant's right to be free from double jeopardy.
 
 See
 

 State v. Greene,
 

 289 N.C. 578
 
 , 586,
 
 223 S.E.2d 365
 
 , 370 (1976).
 
 A fortiori,
 
 the court's instructions did not constitute plain error because it is not reasonably
 
 possible
 
 -much less reasonably
 
 probable
 
 -that the jury's ultimate finding of guilt would have differed had the court's instructions on the charge differed. Accordingly, this argument is overruled.
 
 *464
 
 E. Prior Conviction
 

 Finally, Defendant argues that the trial court erred in instructing the jury regarding his prior conviction for selling cocaine. Specifically, Defendant contends that the court erred in instructing the jury that it could find that he had attained the status of an habitual felon based on his prior conviction for selling cocaine where the indictment did not allege this conviction as a predicate to his attaining the status. We agree.
 

 This argument presents a question of first impression. Under North Carolina's Habitual Felon Act, "[a]ny person who has been convicted of or pled guilty to three felony offenses ... is declared to be an habitual felon [.]"
 
 See
 

 1967 N.C. Sess. Laws 1241
 
 (codified at N.C. Gen.Stat. § 14-7.1 (2011) ). Our Supreme Court has held that "[b]eing an habitual felon is not a crime but is a status the attaining of which subjects a person thereafter convicted of a crime to an increased punishment for that crime."
 
 State v. Allen,
 

 292 N.C. 431
 
 , 435,
 
 233 S.E.2d 585
 
 , 588 (1977). However, the Habitual Felon Act also requires that the indictment charging a defendant as an habitual felon allege
 
 when
 
 the prior felonies were committed, the jurisdiction
 
 where
 
 such felonies were committed,
 
 the dates
 
 when pleas of guilty or convictions of those felonies were
 
 entered or returned,
 
 and
 
 the court
 
 where those pleas or convictions occurred. N.C. Gen.Stat. § 14-7.3 (2011). The purpose of these requirements is to "provide[ ] notice to a defendant that he is being tried as a recidivist."
 
 State v. Williams,
 

 99 N.C.App. 333
 
 , 335,
 
 393 S.E.2d 156
 
 , 157 (1990).
 

 Moreover, by both statutory mandate and constitutional guarantee, defendants in jury trials have a right to a unanimous verdict under North Carolina law.
 
 See
 
 N.C. Const. art. 1, § 24 (2011) ("No person shall be convicted of any crime but by the unanimous verdict of a jury in open court."); N.C. Gen.Stat. § 15A-1237(b) (2011) ("[V]erdict[s] must be unanimous, and must be returned by the jury in open court."). Therefore, our Supreme Court has held that "[w]here the trial court erroneously submits the case to the jury on alternative theories, ... and ... it cannot be discerned from the record upon which theory or theories the jury relied in arriving at its verdict, the error entitles defendant to a new trial."
 
 State v. Lynch,
 

 327 N.C. 210
 
 , 219,
 
 393 S.E.2d 811
 
 , 816 (1990).
 

 In the present case, the indictment charging Defendant with attaining the status of an habitual felon identified three predicate felonies to establish his status. However, the trial court instructed the jury on
 
 four
 
 felonies
 
 *880
 
 -the three identified in the indictment, and another-sale of cocaine. Moreover, the verdict sheet did not recite the felonies that the jury considered, but simply stated that the jury found Defendant guilty.
 
 *465
 
 Therefore, it is impossible for us to discern whether any of the jurors relied on the fourth felony, which was not listed in the indictment, in finding Defendant guilty of attaining the status. Accordingly, "we must assume the jury based its verdict on the theory for which it received an improper instruction."
 
 State v. Petersilie,
 

 334 N.C. 169
 
 , 193,
 
 432 S.E.2d 832
 
 , 846 (1993).
 

 Our Supreme Court encountered a similar situation in
 
 State v. Pakulski,
 

 319 N.C. 562
 
 ,
 
 356 S.E.2d 319
 
 (1987), and we find the Supreme Court's analysis in
 
 Pakulski
 
 controlling. In
 
 Pakulski,
 
 the jury found two defendants guilty of two felonies-armed robbery and felonious breaking and entering.
 
 Id.
 
 at 564,
 
 356 S.E.2d at 321
 
 . Based on these convictions, the jury also found the defendants guilty of felony murder, though "the [jury's] verdict form [did] not reflect the [felony] upon which the jury based its finding of guilty [.]"
 
 Id.
 
 at 574,
 
 356 S.E.2d at 326
 
 . On appeal, our Supreme Court held that the evidence was sufficient to support the armed robbery charge but was not sufficient to support the felonious breaking and entering charge; and, there being no specification on the verdict form to resolve the ambiguity created by the instructional error, the court reasoned it was impossible to determine whether the jury relied on the predicate felony unsupported by the evidence.
 

 Id.
 

 Accordingly, the court concluded that it was required to resolve the ambiguity created by the errant instruction in favor of the defendants,
 
 see
 

 id.,
 

 granting them a new trial on the felony murder conviction,
 
 see
 

 id.
 
 at 576,
 
 356 S.E.2d at 327
 
 .
 

 As in
 
 Pakulski,
 
 we cannot discern from the record on appeal in the present case whether the jury disregarded the errant instruction. As in
 
 Pakulski,
 
 "the verdict form does not reflect the theory upon which the jury based its finding of guilty,"
 
 see
 

 id.,
 

 as would allow us to resolve the ambiguity created by the erroneous instruction. Therefore, we must resolve the ambiguity created by the erroneous instruction in favor of Defendant.
 
 See
 

 Petersilie,
 

 334 N.C. at 193
 
 ,
 
 432 S.E.2d at 846
 
 . Defendant is entitled to a new trial on this charge. Accordingly, we vacate the judgment entered upon Defendant's conviction for attaining the status of an habitual felon and remand the case for a new trial on this charge or for entry of a new judgment based solely on Defendant's conviction for burning personal property.
 

 III. Conclusion
 

 We find no error in Defendant's conviction for burning personal property. However, we reverse Defendant's conviction on the charge of attaining the status of an habitual felon and we vacate the judgment
 
 *466
 
 entered upon these convictions. On remand, the court must conduct further proceedings consistent with this opinion.
 

 NO ERROR IN PART; REVERSED AND REMANDED IN PART; VACATED IN PART.
 

 Judges HUNTER, JR. and DIETZ concur.
 

 [1]
 

 Defendant waived his right to counsel, representing himself at trial. The victim was subject to a lengthy cross-examination.
 

 [2]
 

 "Defendant must preserve the right to appeal a fatal variance."
 
 State v. Mason,
 

 222 N.C.App. 223
 
 , 226,
 
 730 S.E.2d 795
 
 , 798 (2012). In the present case, Defendant moved to dismiss the charge against him based on an alleged insufficiency of the evidence. However, fatal variance was not a basis of his motion. Therefore, Defendant has failed to preserve this argument for appellate review.
 
 See
 

 State v. Pickens,
 

 346 N.C. 628
 
 , 645,
 
 488 S.E.2d 162
 
 , 172 (1997). Nevertheless, we retain discretionary authority to review this argument "[t]o prevent manifest injustice to a party,"
 
 see
 
 N.C. R.App. P. 2, and we elect to do so now.