INMAN, Judge.
 

 *171
 
 When a trial judge instructs the jury that it can find a criminal defendant guilty based upon alternative theories of a crime, including one theory not supported by the evidence, over the defendant's objection, precedent requires us to vacate and order a new trial.
 

 Terance Germaine Malachi ("Defendant") appeals from his conviction for possession of a firearm by a felon following a jury trial and a related conviction for attaining habitual felon status. Defendant argues that the trial court erred by instructing the jury that it could find Defendant guilty if he constructively possessed the firearm, even though the State failed to present any evidence supporting that theory. Defendant also argues that the trial court committed plain error by allowing the jury to hear evidence obtained as a result of an unconstitutional stop and seizure of Defendant. After careful review, we vacate the judgment and award Defendant a new trial based on the trial court's erroneous jury instruction.
 

 *647
 

 Factual and Procedural Background
 

 Defendant was indicted on 16 November 2015 for one count of possession of a firearm by a felon, one count of carrying a concealed weapon, and one count of having attained habitual felon status.
 
 [1]
 
 Defendant was tried before a jury on 19 and 20 January 2016. The evidence at trial tended to show the following:
 

 Shortly after midnight on 14 August 2014, the Charlotte-Mecklenburg Police Department received a 911 call from an anonymous caller. The caller told the dispatcher that in the rear parking lot of a gas station located at 3416 Freedom Drive in Charlotte, North Carolina, a black male wearing a red shirt and black pants had just placed a handgun in the waistband of his pants.
 

 *172
 
 Officer Ethan Clark, in uniform and a marked car, first responded to the call. Officer Clark's arrival was followed almost immediately by Officer Jason Van Aken. Officer Clark saw about six to eight people standing in the parking lot, including a person who matched the description provided to the dispatcher and was later identified as Defendant.
 

 When Officer Clark got out of his car, Defendant looked directly at him, "bladed, turned his body away, [and] started to walk away." Officer Clark immediately approached Defendant and took hold of his arm. Officer Van Aken held Defendant's other arm and the two officers walked Defendant away from the crowd of people. Defendant was squirming. Officer Clark told Defendant to relax. Prior to this, neither officer spoke with Defendant.
 

 Officer Clark placed Defendant in handcuffs and told him that he was not under arrest. Officer Van Aken then frisked Defendant and pulled a revolver from his right hip waistband. Neither officer saw the weapon until after it was produced during the search. As the two officers were conducting the search, a third officer, Officer Kevin Hawkins, arrived. The officers then told Defendant he was under arrest and placed him in the back of Officer Clark's patrol vehicle.
 

 The trial court instructed the jury on the elements of a felon in possession of a firearm, and, over defense counsel's objection, that Defendant could be convicted if he was found to have possessed a weapon by means of actual or constructive possession. During deliberations, the jury sought clarification of "possession of a firearm" to which the trial court, again over defense counsel's objection, responded with the definitions of both actual and constructive possession.
 

 The jury returned a verdict of not guilty on the charge of carrying a concealed weapon and guilty of possession of a firearm by a felon. Defendant pleaded guilty, pursuant to
 
 N.C. v. Alford
 
 ,
 
 400 U.S. 25
 
 ,
 
 91 S.Ct. 160
 
 ,
 
 27 L.Ed.2d 162
 
 (1970), to attaining habitual felon status. In sentencing, the trial court found two mitigating factors-that Defendant supported his family and that Defendant suffered injuries at the hands of the Charlotte-Mecklenburg Police Department that required hospitalization. The trial court sentenced Defendant in the mitigated range to 100 to 132 months of imprisonment.
 

 Defendant gave notice of appeal in open court. Defendant filed a Petition of Writ of Certiorari with this Court on 30 August 2016. We granted Defendant's petition on 12 September 2016.
 

 *173
 

 Analysis
 

 I. Jury Instructions
 

 Defendant argues that the trial court erroneously instructed the jury that Defendant could be found guilty of possession of a firearm by a felon based on the theory of constructive possession when the State had failed to present any evidence of constructive possession. We agree.
 

 "This Court reviews assignments of error regarding jury instructions
 
 de novo
 
 ."
 
 State v. Pender
 
 ,
 
 218 N.C.App. 233
 
 , 243,
 
 720 S.E.2d 836
 
 , 842 (2012) (citing
 
 State v. Osorio
 
 ,
 
 196 N.C.App. 458
 
 , 466,
 
 675 S.E.2d 144
 
 , 149 (2009) ). "Under a
 
 de novo
 
 review, [this C]ourt considers the matter anew and freely
 
 *648
 
 substitutes its own judgment for that of the lower tribunal."
 
 Craig v. New Hanover Cnty. Bd. of Educ.
 
 ,
 
 363 N.C. 334
 
 , 337,
 
 678 S.E.2d 351
 
 , 354 (2009) (internal quotation marks and citations omitted).
 

 Pursuant to
 
 N.C. Gen. Stat. § 14-415.1
 
 , "[i]t shall be unlawful for any person who has been convicted of a felony to purchase, own, possess, or have in his custody, care, or control any firearm[.]"
 
 N.C. Gen. Stat. § 14-415.1
 
 (a) (2015). "[T]he State need only prove two elements to establish the crime of possession of a firearm by a felon: (1) [the] defendant was previously convicted of a felony; and (2) thereafter possessed a firearm."
 
 State v. Perry
 
 ,
 
 222 N.C.App. 813
 
 , 818,
 
 731 S.E.2d 714
 
 , 718 (2012) (citations omitted). Possession of a firearm "may be actual or constructive. Actual possession requires that a party have physical or personal custody of the [firearm]. A person has constructive possession of [a firearm] when the [firearm] is not in his physical custody, but he nonetheless has the power and intent to control its disposition."
 
 State v. Alston
 
 ,
 
 131 N.C.App. 514
 
 , 519,
 
 508 S.E.2d 315
 
 , 318 (1998) (citations omitted),
 
 superseded in part on other grounds by statute as stated in
 

 State v. Gaither
 
 ,
 
 161 N.C.App. 96
 
 ,
 
 587 S.E.2d 505
 
 (2003),
 
 disc. review denied
 
 ,
 
 358 N.C. 157
 
 ,
 
 593 S.E.2d 83
 
 (2004).
 

 North Carolina's appellate courts have consistently held that "a trial judge should not give instructions to the jury which are not supported by the evidence produced at the trial."
 
 State v. Cameron
 
 ,
 
 284 N.C. 165
 
 , 171,
 
 200 S.E.2d 186
 
 , 191 (1973) (citations omitted). That is because the purpose of jury instructions is "the clarification of issues, the elimination of extraneous matters, and a declaration and an application of the law arising on the evidence."
 

 Id.
 

 An instruction related to a theory not supported by the evidence confuses the issues, introduces an extraneous matter, and does not declare the law applicable to the evidence.
 

 *174
 
 Our courts also have consistently held that a trial court's inclusion of a jury instruction unsupported by the evidence presented at trial is an error requiring a new trial.
 
 State v. Lynch
 
 ,
 
 327 N.C. 210
 
 , 219,
 
 393 S.E.2d 811
 
 , 816 (1990) (holding that the defendant was entitled to a new trial because "the trial court erroneously submit[ed] the case to the jury on alternative theories, one of which [was] not supported by the evidence and ... it cannot be discerned from the record upon which theory or theories the jury relied in arriving at its verdict");
 
 State v. Pakulski
 
 ,
 
 319 N.C. 562
 
 , 574,
 
 356 S.E.2d 319
 
 , 326 (1987) (holding that a defendant is entitled to a new trial where the trial court instructed the jury on an alternate theory that was unsupported by the evidence);
 
 State v. Johnson
 
 ,
 
 183 N.C.App. 576
 
 , 584-85,
 
 646 S.E.2d 123
 
 , 128 (2007) (holding that the defendant was entitled to a new trial where the trial court instructed the jury on alternative theories, one of which was not supported by the evidence, and it could not be discerned from the record upon which theory the jury based its verdict);
 
 State v. Hughes
 
 ,
 
 114 N.C.App. 742
 
 , 746,
 
 443 S.E.2d 76
 
 , 79 (1994) (ordering a new trial where the trial court instructed on a theory that was unsupported by the evidence and it could not be discerned from the record upon which theory the jury relied in arriving at its verdict);
 
 State v. O'Rourke
 
 ,
 
 114 N.C.App. 435
 
 , 442,
 
 442 S.E.2d 137
 
 , 140 (1994) ("Where the trial court instructs on alternative theories, one of which is not supported by the evidence, and it cannot be discerned from the record upon which theory the jury relied in arriving at its verdict, the error entitles the defendant to a new trial.").
 

 When a trial judge has instructed jurors on alternative theories of guilt, one of which is supported by the evidence and the other is unsupported, in keeping with the of the rule of lenity, we have presumed that the defendant was found guilty based on the theory that was not supported by the evidence.
 
 Lynch
 
 ,
 
 327 N.C. at 219
 
 ,
 
 393 S.E.2d at
 
 816 ;
 
 Pakulski
 
 ,
 
 319 N.C. at 574
 
 ,
 
 356 S.E.2d at 326
 
 ("[T]his Court will not assume that the jury based its verdict on the theory for which it received a proper instruction. Instead, we resolve the ambiguity in favor of the defendant."). Our courts previously applied this presumption regardless of whether a defendant properly objected to an extraneous instruction at trial, resulting in the erroneous instruction amounting to plain error
 
 per se
 
 .
 

 *649
 

 O'Rourke
 
 , 114 N.C.App. at 442,
 
 442 S.E.2d at
 
 140 ;
 
 Pakulski
 
 ,
 
 319 N.C. at 574
 
 ,
 
 356 S.E.2d at
 
 326 ;
 
 State v. Jefferies
 
 , --- N.C.App. ----, ----,
 
 776 S.E.2d 872
 
 , 880 (2015) (holding, in a case in which the defendant did not object at trial, that "we must resolve the ambiguity created by the erroneous instruction in favor of [the] defendant. [The d]efendant is entitled to a new trial....") (internal citations omitted).
 

 *175
 
 Recently however, our Supreme Court has declared that such instructional errors not objected to at trial are not plain error
 
 per se.
 
 In
 
 State v. Boyd
 
 ,
 
 366 N.C. 548
 
 ,
 
 742 S.E.2d 798
 
 (2013), the Supreme Court, adopting a dissent from this Court,
 
 222 N.C.App. 160
 
 ,
 
 730 S.E.2d 193
 
 (2012) (Stroud, J., dissenting), declared an additional requirement for a defendant arguing an unpreserved challenge to a jury instruction as unsupported by the evidence. The Court in
 
 Boyd
 
 shifted away from the long standing assumption that "the jury based its verdict on the theory for which it received an improper instruction,"
 
 State v. Petersilie
 
 ,
 
 334 N.C. 169
 
 , 193,
 
 432 S.E.2d 832
 
 , 846 (1993), and instead placed the burden on the defendant to show that an erroneous disjunctive jury instruction had a probable impact on the jury's verdict.
 
 Boyd
 
 , 222 N.C.App. at 173,
 
 730 S.E.2d at 201
 
 . The
 
 Boyd
 
 decision does not address erroneous disjunctive jury instructions given over the objection of a defendant's trial counsel,
 

 id.
 

 and this Court has continued to follow precedent on this issue when properly preserved.
 
 See, e.g.,
 

 Jefferies
 
 , --- N.C.App. at ----,
 
 776 S.E.2d at
 
 880 ;
 
 State v. Dick
 
 , --- N.C.App. ----,
 
 791 S.E.2d 873
 
 , COA15-1400,
 
 2016 WL 5746395
 
 , *1, *4-5 (2016) (remanding for a new trial because "the trial court's disjunctive instruction on the charge of first degree sexual offense was erroneous, and that error prejudiced [the d]efendant") (citing
 
 Pakulski
 
 ,
 
 319 N.C. at 574
 
 ,
 
 356 S.E.2d at
 
 326 );
 
 State v. Collington
 
 ,
 
 242 N.C.App. 252
 
 ,
 
 775 S.E.2d 926
 
 ,
 
 2015 WL 4081786
 
 *1, *4 (2015) (citing
 
 Pakulski
 
 for the proposition that "a trial court commits plain error when it instructs a jury on disjunctive theories of a crime, where one of the theories is improper....").
 

 It is not this Court's duty to rewrite well settled law, so we must seek to reconcile
 
 Boyd
 
 with existing precedent. Accordingly, we hold that
 
 Boyd
 
 's analysis, considered in the full context of that decision, applies only to plain error review and does not eliminate the long established presumption that the jury relied on an erroneous disjunctive instruction not supported by the evidence when given over an objection by the defendant's trial counsel.
 

 Here, the trial court twice instructed the jury, over Defendant's objections, on the theory of constructive possession. Following the trial court's initial instruction, the jury sought clarification of the "legal definition" of "possession of a firearm." The trial court responded by repeating the definitions for both actual and constructive possession. The jury returned a verdict of not guilty on the charge of carrying a concealed weapon and guilty of possession of a firearm by a felon. The jury's verdict did not indicate the theory under which it found Defendant guilty of the possession charge.
 

 *176
 
 Defendant argues, and we agree, that the State's evidence supported an instruction only for actual possession and that the trial court erroneously instructed the jury on constructive possession. The State's evidence at trial regarding possession was testimony by Officers Clark and Hawkins. Officer Clark testified that "[t]here was a chrome revolver with a black handle that was on [Defendant's] right hip." Officer Hawkins similarly testified that "[w]hen [he] arrived on the scene Officer Clark had [Defendant's] hands behind his back and [he] observed Officer Van Aken in the process of removing a large, silver revolver from [Defendant's] person." In response to Defendant's objection to the instruction on constructive possession, the trial court noted, "I think [the State] may have a good argument for actual, but nothing for constructive. And if the jury believes the witnesses, they're going to believe actual possession, right?" Yet the trial court denied Defendant's objection and instructed the jury on both actual and constructive possession.
 

 The State asserts that the evidence was sufficient to support constructive possession because during the time after officers removed the revolver from Defendant, he theoretically could have broken free from the officers and taken hold of the revolver. We
 
 *650
 
 are unpersuaded. Although Defendant certainly was aware of the presence of the revolver taken from him by police, no evidence was presented that he had the power to control its disposition or use by the officers who had secured it.
 
 [2]
 

 Because the trial court instructed the jury that it could find Defendant guilty based on either actual or constructive possession and because the State presented evidence supporting only actual possession, we hold the trial court erred. Further, because the record is silent regarding the theory of Defendant's guilt found by jurors, as required by precedent, we hold the error is reversible.
 

 Even if
 
 Boyd
 
 were interpreted to eliminate the presumption of prejudice by jury instructions unsupported by the evidence and objected to at trial, it would not change the outcome of this decision because Defendant has demonstrated prejudicial error.
 

 Properly preserved non-constitutional challenges to jury instructions are reviewed for prejudicial error.
 
 See
 
 N.C. Gen. Stat. § 15A-1443 (2015). Under prejudicial error, an error becomes reversible only where a defendant can show he was prejudiced,
 
 i.e.
 
 , that "there was 'a
 
 *177
 
 reasonable possibility that, had the error in question not been committed, a different result would have been reached at the trial out of which the appeal arises.' "
 
 State v. Maske
 
 ,
 
 358 N.C. 40
 
 , 50,
 
 591 S.E.2d 521
 
 , 528 (2004) (citing N.C. Gen. Stat. § 15A-1443(a) (2003) ).
 

 Here, there is a reasonable possibility that the jury would have reached a different result had the trial court not provided instruction about the theory of constructive possession. The jury's question about the legal definition of possession during its deliberations, combined with the jury's acquittal of Defendant on the charge of carrying a concealed weapon, allows for a reasonable chance that jurors would not have found Defendant guilty if instructed on the single theory of actual possession.
 

 II. Evidence Seized from Defendant
 

 Defendant also argues that the trial court committed plain error by allowing the jury to hear evidence resulting from the search of Defendant by officers, which Defendant asserts violated his Fourth Amendment rights. However, because the relief Defendant seeks for this claimed error is the same relief he is entitled to as a result of the erroneous jury instruction, we need not address this issue.
 

 Conclusion
 

 For the above reasons, we hold the trial court committed reversible error in instructing the jury that it could find Defendant guilty of possession of a firearm by a felon based on a theory of constructive possession. Because Defendant's conviction for possession of a firearm by a felon was an essential element underlying his
 
 Alford
 
 plea of guilty to the charge of attaining the status of an habitual felon, we also vacate that conviction and remand for a new trial.
 

 VACATED AND REMANDED.
 

 Judges CALABRIA and MCCULLOUGH concur.
 

 [1]
 

 Defendant also was charged with resisting a public officer, but the State did not proceed on that charge and dismissed it following the trial.
 

 [2]
 

 Constructive possession requires that Defendant have "the intent and capability to maintain control and dominion over" the gun.
 
 State v. Beaver
 
 ,
 
 317 N.C. 643
 
 , 648,
 
 346 S.E.2d 476
 
 , 480 (1986) (citations omitted).