An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-920

Filed 6 May 2026

Buncombe County, Nos. 20CR081682-100, 22CR000223-100

STATE OF NORTH CAROLINA

v.

CHAD ROGER GRIFFIN, Defendant.

Appeal by defendant from judgment entered 7 August 2024 by Judge Robert C. Ervin in Buncombe County Superior Court. Heard in the Court of Appeals 25 March 2026.

> *Attorney General Jeff Jackson, by Assistant Attorney General Gabriel Jimenez-Medina, for the State.*

> *Johneric C. Emehel, for defendant-appellant.*

FLOOD, Judge.

Defendant Chad Roger Griffin appeals his convictions for attempted felony larceny and attaining habitual felon status. On appeal, Defendant argues the trial court plainly erred by failing to instruct the jury: first, on the lesser included offense of unauthorized use of a motor vehicle; and second, that felonious intent requires, at the time of the taking, that Defendant intended to deprive the victim of the property's

use permanently. For the following reasons, we hold the trial court did not err, let alone plainly err, by failing to instruct the jury on unauthorized use of a motor vehicle where there was no evidence to support this instruction. We further hold the trial court did not plainly err in its felonious intent instruction where Defendant failed to demonstrate he was prejudiced.

## I. Factual and Procedural Background

On 13 February 2020, Marty Clark drove his truck, a 2004 F-250 Ford pickup truck, to visit his friend Steven Parham at Parham's home. Clark parked his truck in Parham's driveway, about fifty feet from the garage. Clark left his keys in his truck and the doors unlocked. Around 9:30 p.m., Clark and Parham, who were in the garage, heard Clark's truck start in the driveway. Clark and Parham saw an individual in a ski mask, later identified as Defendant, attempting to back the truck out of the driveway. Clark had not given anyone permission to drive his truck, and neither Clark nor Parham recognized the person in the truck.

Defendant, after backing the truck up about twenty feet, drove off the side of the driveway and got the truck stuck in the mud. Despite being stuck, Defendant had "the gas mashed all the way down" to try to get out of the mud. While the truck was stuck, Clark and Parham attempted to enter the truck, but Defendant had locked the doors. Clark used an axe to shatter the window on the driver's side. After Clark shattered the window, Defendant exited the truck through the passenger's side door and ran through the nearby hayfield. Clark and Parham gave chase, and Clark

tackled Defendant. Clark punched Defendant once or twice, then restrained Defendant while Parham called the police.

Officer Jason Scott, with the Buncombe County Sheriff's Office, arrived about fifteen minutes later. Clark and Parham told Officer Scott that Defendant started driving Clark's truck without his permission. Defendant, on the other hand, told Officer Scott that Clark and Parham had attacked and attempted to rob him. Officer Scott arrested Defendant for attempted larceny of a motor vehicle and transported him to jail.

Defendant was subsequently charged for attempted felony larceny and for attaining habitual felon status. Defendant elected to proceed *pro se*, and his standby counsel requested the jury be instructed on the lesser included offense of attempted misdemeanor larceny, but the trial court denied this request. The trial court provided the jury, in relevant part, the following instruction relating to the elements of attempted felony larceny:

> Now, felony larceny consists of six elements; first, that the defendant took property, which would be a 2004 Ford 250 truck belonging to another person; that the defendant carried away the property; that the alleged victim did not consent to the taking and carrying away of the property; that at the time of the taking, the defendant intended to deprive the alleged victim of the use of the property from him; that the defendant knew he was not entitled to take the property; and that the Ford truck was worth more than $1,000.

The trial court did not instruct the jury on any lesser included offense.

The jury found Defendant guilty of attempted felony larceny. Defendant pled guilty to attaining the status of habitual felon the same day. The trial court sentenced Defendant to fifty to seventy-two months' imprisonment. Defendant entered a notice of appeal in open court.

## II. Jurisdiction

As a threshold issue, we must determine whether we have jurisdiction to hear this appeal.

Pursuant to the North Carolina Rules of Appellate Procedure, "a party seeking to appeal a superior court or district court judgment or order in a criminal action is required to either (1) provide oral notice of appeal at trial, or (2) file a written notice of appeal within fourteen days following the entry of judgment." *State v. McLean*, 295 N.C. App. 254, 257 (2024) (citing N.C. R. App. P. 4(a)). Further, "[t]he Rule permits oral notice of appeal, but *only if given at the time of trial*." *Id.* (quoting *State v. Oates*, 366 N.C. 264, 268 (2012)) (emphasis in original).

Concurrent with his appeal, Defendant filed a Petition for Writ of Certiorari because review "was possibly waived for failure to enter notice of appeal in compliance with technical and timing requirements of" Rule 4 of the North Carolina Rules of Appellate Procedure. At trial, after sentencing, Defendant stated, "Your Honor, I would like a notice of appeal." Defendant subsequently filed a handwritten notice of appeal.

Here, Defendant sufficiently complied with the requirements of Rule 4 of the North Carolina Rules of Appellate Procedure by giving oral notice at trial. Defendant's oral notice of appeal was timely because he gave notice after the final judgment was entered. *See id.* at 259 (holding that the defendant's oral notice of appeal was timely because he provided notice of appeal "while the judgment was *in fieri* and the trial court possessed the authority to modify, amend, or set aside judgments entered during that session"). Further, Defendant sufficiently indicated his intent to appeal by stating that he "would like a notice of appeal," as evidenced by the subsequent discussion between Defendant and the trial court about appointing the Appellate Defender's Office to represent him. That Defendant stated he "would like a notice of appeal" instead of a more definitive statement that he was appealing did not render his notice defective. *See State v. Wilson*, 296 N.C. App. 768, 770 (2024) (asserting that "a nonjurisdictional 'defect in a notice of appeal should not result in loss of the appeal as long as the intent to appeal can be fairly inferred from the notice and the appellee is not misled by the mistake'" (quoting *State v. Springle*, 244 N.C. App. 760, 763 (2016))). Therefore, we conclude Defendant's oral notice of appeal was timely, not defective, and we have jurisdiction to hear the merits of his appeal. Consequently, Defendant's Petition for Writ of Certiorari is unnecessary and dismissed as moot. *See id.*

### III. <u>Standard of Review</u>

At trial, Defendant neither objected to the absence of an instruction on the lesser included offense of unauthorized use of a motor vehicle, nor to the trial court's instruction regarding felonious intent. Therefore, this Court's review is limited to plain error. *See* N.C. R. App. P. 10(a)(4) (2025); *see also State v. Covington*, 248 N.C. App. 698, 701 (2016). The State, however, argues plain error review is unavailable because Defendant failed to "specifically and distinctly" assert that the trial court's alleged errors constituted plain error.

The North Carolina Rules of Appellate Procedure provide that plain error review is available in criminal cases for issues not preserved at trial "when the judicial action questioned is specifically and distinctly contended to amount to plain error." N.C. R. App. 10(a)(4) (2025). "[T]he bare assertion of plain error . . . , without accompanying explanation, analysis, or specific contentions in a defendant's brief, is insufficient to show plain error." *State v. Faulkner*, 180 N.C. App. 499, 510 (2006) (internal quotation marks omitted).

Here, Defendant sufficiently asserted that the trial court's alleged errors constitute plain error. Defendant provided the standard of review for plain error in his discussion of both issues, and argued that the errors were fundamental, that the errors prejudiced him, and that this was an exceptional case. Defendant's discussion of these considerations provides "explanation, analysis, or specific contentions" beyond "the bare assertion of plain error." *Id.* at 510 (internal quotation marks

omitted). Consequently, this Court will review the trial court's jury instructions for plain error. *See State v. Lawrence*, 365 N.C. 506, 518 (2012).

Plain error is evaluated using a three-step test. *State v. Reber*, 386 N.C. 153, 158 (2024). "First, the defendant must show that a fundamental error occurred at trial." *Id.* (citing *Lawrence*, 365 N.C. at 518). "Second, the defendant must show that the error had a 'probable impact' on the outcome, meaning that[,] 'absent the error, the jury probably would have returned a different verdict.'" *Id.* (quoting *Lawrence*, 365 N.C. at 518–19). "Finally, the defendant must show that the error is an 'exceptional case' that warrants plain error review, typically by showing that the error seriously affects 'the fairness, integrity or public reputation of judicial proceedings.'" *Id.* (quoting *Lawrence*, 365 N.C. at 518). The burden for demonstrating plain error lies with the defendant. *Id.*

## IV. <u>Analysis</u>

Defendant makes two arguments on appeal. First, he argues the trial court committed plain error by failing to instruct the jury on the lesser included offense of unauthorized use of a motor vehicle. Second, he argues the trial court plainly erred by failing to instruct the jury that felonious intent requires, at the time of the taking, that the defendant intended to deprive the victim of the property's use permanently. We address each argument, in turn.

### A. Lesser Included Offense Instruction

Defendant argues the trial court's failure to instruct the jury on the lesser included offense of unauthorized use of a motor vehicle was plain error because this instruction was warranted by the evidence, and the trial court was therefore required to provide an instruction. We disagree.

"It is well settled that a defendant is entitled to have all lesser degrees of offenses supported by the evidence submitted to the jury as possible alternate verdicts." *State v. Drumgold*, 297 N.C. 267, 271 (1979) (citation and internal quotation marks omitted). "An instruction on a lesser included offense must be given only if the evidence would permit the jury to rationally find [the] defendant guilty of the lesser offense and acquit him of the greater." *State v. Clark*, 201 N.C. App. 319, 323 (2009) (citation omitted).

The trial court, however, is not "obligated to give a lesser included instruction if there is no evidence giving rise to a reasonable inference to dispute the State's contention." *State v. Doherty*, 293 N.C. App. 685, 693 (2024) (quoting *State v. Lucas*, 234 N.C. App. 247, 256 (2014)). "[T]he trial court need not submit lesser degrees of a crime to the jury when the State's evidence is positive as to each and every element of the crime charged *and there is no conflicting evidence relating to any element of the charged crime*." *State v. Brichikov*, 383 N.C. 543, 554 (2022) (quoting *Drumgold*, 297 N.C. at 271) (emphasis in original). "When determining whether there is sufficient evidence for submission of a lesser included offense to the jury, [this Court] view[s] the evidence in the light most favorable to the defendant." *State v. Sisk*, 285 N.C.

App. 637, 641 (2022) (quoting *State v. Ryder*, 196 N.C. App. 56, 64 (2009)) (alterations in original).

A person is guilty of unauthorized use of a motor vehicle if, "without the express or implied consent of the owner or person in lawful possession, he takes or operates an aircraft, motorboat, motor vehicle, or other motor-propelled conveyance of another." N.C.G.S. § 14-72.2(a) (2023); *see also State v. Robinson*, 368 N.C. 402, 408 (2015) (listing the elements of unauthorized use of a motor vehicle as (1) "taking or operating;" (2) "a motor-propelled conveyance;" (3) "without the express or implied consent of the owner or person in lawful possession"). Unauthorized use of a motor vehicle is a lesser included offense of larceny that does not require showing the defendant intended to permanently deprive the victim of the property. *See State v. Ross*, 46 N.C. App. 338, 339 (1980).

Here, the trial court did not err by declining to instruct the jury on unauthorized use of a motor vehicle because there was no conflicting evidence indicating Defendant did not intend to permanently deprive Clark of possession of the truck. The State presented several pieces of evidence indicating that Defendant intended to permanently deprive Clark of his truck. Specifically, Clark and Parham testified that Defendant locked the truck's doors, wore a ski mask, and attempted to accelerate away from them. *See State v. Spera*, 290 N.C. App. 207, 217 (2023) (holding "that some additional facts beyond the taking itself must exist to prove an intent to permanently deprive the owner of possession"). Defendant's only evidence negating

this intent is his assertion that he did not steal the truck. Defendant's denial of guilt, by itself, however, is insufficient to negate the State's evidence that he intended to permanently deprive Clark of the use of the truck for purposes of supporting an instruction on a lesser included offense. *See State v. Jefferies*, 243 N.C. App. 455, 459 (2015) ("[T]he mere denial of guilt by a defendant does not, by itself, controvert any material fact required for proof of that defendant's guilt, nor does it require the trial court to instruct the jury on any lesser-included offense."); *see also State v. Carpenter*, 276 N.C. App. 120, 123–24 (2021) ("If the State's evidence is sufficient to fully satisfy its burden of proving each element of the greater offense and there is no evidence to negate those elements other than defendant's denial that he committed the offense, defendant is not entitled to an instruction on the lesser offense." (quoting *State v. Smith*, 351 N.C. 251, 267–68 (2000))).

Because there was no conflicting evidence, Defendant was not entitled to a jury instruction on the lesser included offense of unauthorized use of a motor vehicle. *See State v. Watson*, 179 N.C. App. 228, 246 (2006) ("In the absence of any conflicting evidence to show defendant did not intend to permanently deprive the owner of possession of her motor vehicle, it was proper for the trial court to instruct the jury on the greater offense of larceny alone."). Consequently, Defendant failed to satisfy his burden of demonstrating that a fundamental error occurred at trial. *See Reber*, 286 N.C. at 158. Because Defendant cannot meet his burden under the first step of plain error review, this Court does not need to address the other steps in the plain

error analysis. *See State v. Smith*, 287 N.C. App. 191, 198 (2022) (declining to address the prejudice prong of a plain error analysis after concluding the trial court did not err).

## B. Felonious Intent Instruction

Defendant further argues the trial court committed plain error by failing to include in its instruction on felonious intent that, for the jury to find Defendant guilty, the jury must conclude Defendant intended to permanently deprive the owner of the use of the property. Even assuming this instruction was erroneous, Defendant cannot demonstrate the trial court committed plain error.

To demonstrate plain error, "the defendant must show that the error had a 'probable impact' on the outcome, meaning that[,] 'absent the error, the jury probably would have returned a different verdict.'" *Reber*, 386 N.C. at 158 (quoting *Lawrence*, 365 N.C. at 518–19). Showing that a jury "probably would have done something different" "requires a showing that the outcome is significantly more likely than not." *Id.* at 159. These standards establish that "a close case is not enough to prevail on the prejudice prong of plain error." *Id.* at 162.

The elements of larceny are that the defendant: (1) "took the property of another;" (2) "carried it away;" (3) "without the owner's consent;" and (4) "with the intent to deprive the owner of his property permanently." *Spera*, 290 N.C. App. at 215 (quoting *Sisk*, 285 N.C. App. at 641). Felonious intent, the element at issue here, "is often inferred from circumstantial evidence rather than direct proof." *Id.* For

purposes of larceny, proving felonious intent requires (1) "an intentionally wrongful taking of another's property" and (2) "an intent to permanently deprive the victim of possession." *Id.* at 216. "[A]part from the act of taking itself, additional facts must be present to support an inference of the requisite criminal intent, including both the intent to wrongfully take *and* the intent to permanently deprive the owner of possession." *Id.* (emphasis in original).

Here, Defendant cannot meet his burden of demonstrating prejudice because Defendant cannot show that it is significantly more likely than not that the jury would have reached a different conclusion if the assumed error had not occurred. *See Reber*, 386 N.C. at 159. The State presented evidence indicating Defendant's intent to permanently dispossess Clark of his truck by presenting evidence that Defendant locked the doors of the truck, floored the gas pedal, and wore a ski mask during the taking. Defendant highlights no evidence showing that the jury would have concluded Defendant had only an intent to temporarily dispossess Clark of the truck. Defendant also fails to point to any evidence presented by the State indicating Defendant's intent to only temporarily deprive Clark of the use of the truck.

Nonetheless, Defendant contends it is possible the jury could have reached a different result had the error not occurred despite the State's evidence indicating Defendant's intent to permanently dispossess Clark of the truck and the absence of evidence from either party suggesting any other intent. This contention is insufficient to demonstrate that it is *significantly more likely than not* the jury would have

reached a different result had the error not occurred. *See, e.g., Sisk*, 285 N.C. App. at 644 (holding that the trial court did not err in denying the defendant's request for an instruction on a lesser included offense where the defendant did not present evidence because "the [State's] evidence [was] clear and positive as to each element of larceny, and there is no evidence of [the defendant] committing a lesser-included offense" (internal quotation marks omitted)); *State v. Dyson*, 165 N.C. App. 648, 654 (2004) (holding that the trial court did not err in failing to give a jury instruction on a lesser included offense when the defendant argued "that some of the State's evidence supported a lesser charge," but "the State's evidence supported each and every element of [the offense] without contradiction").

Defendant cites two cases from our Supreme Court to support his argument that the trial court's error was prejudicial, *State v. McCrary*, 263 N.C. 490 (1965), and *State v. Lawrence*, 262 N.C. 162 (1964). While these cases discuss felonious intent, neither case applies plain error review. *See McCrary*, 263 N.C. at 493; *see also Lawrence*, 262 N.C. at 168. These cases are therefore inapplicable here because they do not examine felonious intent instructions in light of the "extreme remedy" of plain error. *State v. Gillard*, 386 N.C. 797, 820 (2024). Consequently, Defendant did not satisfy his burden of demonstrating the trial court's jury instruction amounted to plain error. *See Reber*, 386 N.C. at 159. Because Defendant cannot meet his burden under plain error review, this Court need not address the other steps in the plain error analysis. *See State v. Larkin*, 237 N.C. App. 335, 339 (2014) ("[I]f defendant has

failed to show that the purported error would have led to a different result, we need not consider whether an error was actually made.").

## V. <u>Conclusion</u>

We hold the trial court did not plainly err by declining to provide a jury instruction on the lesser included offense of unauthorized use of a motor vehicle or by providing its instruction on felonious intent.

NO ERROR.

Judges ZACHARY and STADING concur.

Report per Rule 30(e).